IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| RADIO SYSTEMS CORPORATION and PUP-PEE SOLUTIONS USA, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. _____ ) |
| ECO PET SOLUTIONS, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs Radio Systems Corporation and Pup-Pee Solutions USA, Inc., for their Complaint against Defendant Eco Pet Solutions, Inc., state as follows:

### I. THE PARTIES

1. Plaintiff Radio Systems Corporation ("RSC") is a Delaware corporation with its principal place of business located at 10427 Petsafe Way, Knoxville, Tennessee 37932.

2. Plaintiff Pup-Pee Solutions USA, Inc. ("PPS") is a California corporation with its principal place of business located at 10427 Petsafe Way, Knoxville, Tennessee 37932. RSC and PPS shall hereinafter be collectively referred to as "Plaintiff."

3. Upon information and belief, Defendant Eco Pet Solutions, Inc. ("Eco Pet") is an Arizona corporation with its principal place of business located at 8902 East Via Linda, Suite 110-197, Scottsdale, Arizona 85258. Upon information and belief, Eco Pet does business in the State of Tennessee, including this District. Eco Pet may be served with process through service upon its registered agent, Jude Hudson, located at 8902 East Via Linda, Suite 110-197, Scottsdale, Arizona 85258.

## II. NATURE OF ACTION

4. This is an action for patent infringement under the Patent Laws of the United States, United States Code, Title 35; false advertising under the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*; violations of the Tennessee Consumer Protection Act of 1977 ("TCPA"), Tenn. Code Ann. § 47-18-101 *et seq.*; and unfair competition and unjust enrichment under Tennessee common law.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 because it arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Patent Laws of the United States, United States Code, Title 35 and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

6. Upon information and belief, this Court has general personal jurisdiction over Eco Pet based on its continuous and systematic minimum contacts with residents of Tennessee through the distribution and sale of its products in Tennessee directly and through "brick and mortar" and online resellers. Upon information and belief, this Court also has specific personal jurisdiction over Eco Pet based on its purposeful direction of its promotional and advertising activities and sales of their products to residents and customers in Tennessee.

7. Further, this Court has personal jurisdiction under Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201 *et seq.*, because, upon information and belief, (1) Eco Pet has transacted business in Tennessee; (2) the tortious acts or omissions occurred in Tennessee; (3) the damages occurred in Tennessee to a corporation with its principal place of business in Tennessee; and (4) jurisdiction based on Eco Pet's contacts with Tennessee (including, but not limited to, sales of products) is not inconsistent with the Constitution of the State of Tennessee or the Constitution of the United States.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to these claims arose in this District, and Eco Pet is subject to personal jurisdiction pursuant to Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201 *et seq.*

## IV. THE CONTROVERSY

### A. U.S. PATENT NO. 7,584,717

9. RSC is a leading developer and manufacturer of pet feeding, fencing, and behavior training products and solutions.

10. RSC is the parent company to many of the most recognizable pet brands in the world. The RSC family of brands includes the Pet Loo™ brand (a leading brand for indoor/outdoor pet toilet products), the PetSafe® brand (a leading pet training, containment and behavior solutions brand), the Invisible Fence® brand (a leading professionally installed pet containment, avoidance and access brand), the SportDOG Brand® (a leading brand for training and tracking equipment for sporting dogs), among others, including without limitation, Premier® Pet Products, Drinkwell® Pet Fountains, and Innotek® training products.

11. PPS is a wholly-owned subsidiary of RSC.

12. On September 8, 2009, U.S. Patent No. 7,584,717 (the "717 Patent") was duly, properly, and legally issued by the United States Patent and Trademark Office to inventors Tobi Skovron and Simone Iglicki. Pup Pee Solutions Pty Ltd. is listed as the assignee on the 717 Patent.

13. A true and correct copy of the 717 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

14. Plaintiff is the current owner by assignment of all right, title, and interest in the 717 Patent.

## B. ECO PET'S INFRINGING CONDUCT

15. Upon information and belief, Eco Pet sells pet products through various "brick and mortar" stores and online resellers.

16. Upon information and belief, Eco Pet is offering for sale certain pet supplies products related to portable indoor toilets for pets.

17. Upon information and belief, Eco pet owns and operates the website located at www.pottypark.com (the "Eco Pet Website"), through which Eco Pet accepts orders from any person in any city in the United States, including Knoxville, Tennessee. A true and correct copy of select webpages from the Eco Pet Website are attached hereto as collective Exhibit 2.

18. Upon information and belief, Eco Pet products are also sold through online retailers, including, but not limited to, Amazon, and "brick and mortar" stores, including, but not limited to, PetValu. A true and correct copy of select webpages from Eco Pet's Amazon storefront is attached hereto as collective Exhibit 3.

19. Upon information and belief, Eco Pet operates and transacts business through its interactive Eco Pet Website and Amazon storefront, through which Eco Pet accepts orders of its products from any person in any city in the United States, including residents in this District. *See* Exhibits 2-3.

20. Upon information and belief, through its interactive Eco Pet Website and its Amazon storefront, Eco Pet has transacted business through accepting and processing orders of its products.

21. Upon information and belief, the interactive Eco Pet Website was designed to form contacts with potential customers, inviting them to create and register an account in order to "move through the checkout process faster, store multiple shipping addresses, view and track your orders in your account and more." *See* Exhibit 2.

4

22. The interactive Eco Pet Website also invites potential customers to sign up Eco Pet's newsletter by submitting their email address and first and last name. Through signing up for Eco Pet's newsletter, potential customers could receive "special offers and product updates." *See* Exhibit 2.

23. Upon information and belief, Eco Pet manufactures and offers for sale a product called the "Potty Park Small" (the "Infringing Product").

24. Upon information and belief, the Infringing Product is sold in a "basic" kit and a "deluxe" kit. *See* Exhibit 2.

25. Upon information and belief, the Infringing Product is variously identified as the "Potty Park Dog Potty Toilet" and the "Potty Park Deluxe Dog Potty Toilet."

26. A true and correct copy of the "Training, Maintenance, & Warranty Instructions" for the Infringing Product is attached hereto as Exhibit 4.

27. Upon information and belief, Plaintiff has lost sales from, and Eco Pet has wrongfully profited from, sales of Eco Pet's accessory products for use in connection with the Infringing Product.

28. Eco Pet has offered for sale, continues to offer for sale, has sold, and enables others to sell its Infringing Product.

29. Eco Pet has infringed and is still infringing the 717 Patent by making, using, selling, offering for sale, and/or importing, and enabling others to make, use, sell, offer for sale, and/or import the Infringing Product.

30. Further, upon information and belief, Eco Pet manufactures, or supervises and controls the manufacture of, in whole or in part, the Infringing Product.

5

Case 3:13-cv-00385 Document 1 Filed 07/01/13 Page 5 of 20 PageID #: 5

31. Upon information and belief, Eco Pet has at least constructive knowledge, and likely actual knowledge, of the 717 Patent.

### C. PRODUCTS SOLD UNDER THE PET LOO™ BRAND

32. Plaintiff sells an indoor/outdoor pet toilet product under the Pet Loo™ brand.

33. Plaintiff offers for sale toilets under the Pet Loo™ brand in three models: the Pet Loo™ Large (Original) (measuring 33" x 33"); the Pet Loo™ Medium (Mini Wee) (measuring 24" x 24"); and the Pet Loo™ Small (Kitty Kat) (measuring 17" x 20") (collectively, the "Pet Loo™ Products"). True and correct copies of webpages from Plaintiff's website located at www.thepetloo.com are attached hereto as collective Exhibit 5.

34. Plaintiff also offers for sale accessory products for use in connection with its Pet Loo™ Products, including, but not limited to: enzyme cleaning solutions for the Pet Loo™ Products; attractant sprays to encourage pets to use the Pet Loo™ Products; biodegradable containers that may be used in the catchment receptacle of the Pet Loo™ Products; and replacement synthetic grass mats.

### D. ECO PET'S FALSE AND MISLEADING STATEMENTS

35. Upon information and belief, Eco Pet made literally and/or impliedly false and misleading statements regarding the nature, characteristics, quality, and efficacy of its Infringing Products and Plaintiff's Pet Loo™ Products.

36. On the "Potty Park™ vs. Competition" page of the Eco Pet Website, Eco Pet displays a chart allegedly comparing the Infringing Product to other pet toilet products, including Plaintiff's Pet Loo™ Products (the "Comparison Chart"). Eco Pet does not disclose the factual basis underlying the claims of the Comparison Chart, which is reproduced in Figure 1 below and attached in collective Exhibit 2.

6

|  | Potty Patch | Pup Head | The Pet Loo | The Throne | Cosmo Penthouse Potty | Porch Potty | Potty Park |
|---|---|---|---|---|---|---|---|
| Price | $39.99 | $69.99 | $199.99 | $389.00 | $319.00 | $225.00 | $199.99 |
| Size | 17" x 24" | 20" x 30" | 24" x 24" | 27" x 27" | 42" X 42" | 52" x 28" | 20" x 26" |
| Sizes Available | 2 | 2 | 2 | 3 | 1 | 2 | 2 |
| Includes Synthetic Grass Surface | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Permanent Antimicrobial & Antibacterial | ✗ | ✗ | ✗ | ✗ | ✗ | ✗ | ✓ |
| Designed for indoor/outdoor use | ✗ | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Portable/Easy to move | ✓ | ✓ | ✓ | ✓ | ✗ | ✗ | ✓ |
| Doesn't Require Pee Pads | ✓ | ✗ | ✓ | ✗ | ✓ | ✓ | ✓ |
| Easy To Clean Without A Hose Or Bathtub | ✗ | ✗ | ✗ | ✗ | ✗ | ✓ | ✓ |
| Prevents Male Dogs from splashing when lifting their legs | ✗ | ✗ | ✗ | ✗ | ✗ | ✗ | ✓ |
| Pheromone Training Spray | ✗ | ✗ | ✗ | ✗ | ✗ | ✗ | ✓ |
| Made In North America | ✗ China | ✓ | ✗ China | ✗ | ✓ | ✗ | ✓ |
| Warranty | ✗ | ✓ | ✗ | ✗ | ✗ | ✗ | ✓ |
| Return Policy | ✗ | ✓ 10 day | ✗ | ✗ | ✓ 30 day | ✓ 7 days | ✓ 30 days |

\* Price comparison based upon the Potty Park small and competitors closest size. All prices in USD.

Figure 1: The Comparison Chart

37. Upon information and belief, Eco Pet, through its use of the Comparison Chart, falsely and/or misleadingly represents to existing and potential customers that Plaintiff's Pet Loo™ Products are not used with a "Pheromone Training Spray."

38. This statement is literally false and/or misleading, in whole or in part, because Plaintiff offers for sale a product called "Skip To My Loo," which is an attractant spray for use in connection with the Pet Loo™ Products and which is scientifically formulated to mimic animal urine to encourage a pet to use the Pet Loo™ Products.

7

39. Upon information and belief, Eco Pet, through its use of the Comparison Chart, falsely and/or misleadingly represents to existing and potential customers that Plaintiff's Pet Loo™ Products do not come with a warranty.

40. This statement is literally false, in whole or in part, because Plaintiff's return and claims policy is clearly and unambiguously identified on the website available at shop.thepetloo.com.

41. Upon information and belief, Eco Pet, through its use of the Comparison Chart, falsely and/or misleadingly represents to existing and potential customers that Plaintiff's Pet Loo™ Products are not subject to any return policy.

42. This statement is literally false, in whole or in part, because Plaintiff's return and claims policy is clearly and unambiguously identified on the website available at shop.thepetloo.com.

43. Upon information and belief, Eco Pet, through its use of the Comparison Chart, falsely and/or misleadingly represents to existing and potential customers that Plaintiff's Pet Loo™ Product sold in the 24" x 24" model has a retail price of $199.99.

44. This statement is literally false, in whole or in part, because Plaintiff's Pet Loo™ Product in the 24" x 24" model is sold on the Pet Loo™ Website for $129.99. *See* <u>Exhibit 5</u>.

45. Upon information and belief, Eco Pet, through its use of the Comparison Chart, falsely and/or misleadingly represents to existing and potential customers that Eco Pet's Infringing Product is "Easy To Clean Without A Hose Or Bathtub."

46. This statement is literally false and/or misleading, in whole or in part, because Eco Pet's Training Maintenance & Warranty Instructions specifically states that "[y]ou can also hose down your Potty Park Dog Grass and/or soak in cold water to remove any persistent odors."

8

*See* Exhibit 4. This statement is further literally false and/or misleading because Eco Pet is representing that its Infringing Product is easy to clean without a hose or bathtub in comparison to Plaintiff's Pet Loo™ Products.

47. Upon information and belief, Eco Pet, through its use of the Comparison Chart, falsely and/or misleadingly represents to existing and potential customers that Eco Pet's Infringing Product "Prevents Male Dogs from splashing when lifting their legs."

48. Upon information and belief, Eco Pet is representing that the Infringing Product has qualities or characteristics that, in all likelihood, the Infringing Product does not possess. This statement is further literally false and/or misleading because Eco Pet is representing that its Infringing Product possesses such qualities or characteristics in comparison to Plaintiff's Pet Loo™ Products, which allegedly do not.

49. Upon information and belief, Eco Pet asserts in its advertising that it is "The World's Finest Dog Potty," and in so doing falsely and/or misleadingly asserts to consumers that its products are superior to all other pet toilets, including but not limited to, Plaintiff's products.

## V. CAUSES OF ACTION

### COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 7,584,717

50. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

51. Eco Pet, in violation of 35 U.S.C. § 271, has infringed and continues to infringe the 717 Patent through Eco Pet's making, using, offering for sale, sale, and/or importing the Infringing Product.

52. Eco Pet's infringement of the 717 Patent has been willful, wanton, egregious, and with disregard for Plaintiff's patent rights and will continue unabated unless enjoined by this Court.

53. Unless the future occurrence of these actions is enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

54. This is an exceptional case such that Plaintiff should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Eco Pet.

## COUNT II

### INDUCEMENT OF OTHERS TO INFRINGE U.S. PATENT NO. 7,584,717

55. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

56. Eco Pet, in violation of 35 U.S.C. § 271(b), has induced and continues to induce others to infringe the 717 Patent, by encouraging and facilitating others to perform actions known by Eco Pet to be acts of infringement of the 717 Patent with intent that those performing the acts infringe the 717 Patent.

57. Upon information and belief, Eco Pet had constructive and/or actual notice of the 717 Patent.

58. Eco Pet, through their marketing efforts, encourages the sale of the Infringing Product by resellers in "brick and mortar" stores and through online stores, and ultimately to consumers. The resellers and consumers of the Infringing Products infringe the 717 Patent.

59. Eco Pet advertises the Infringing Product, publishes promotional literature describing the operation of those products, creates and/or distributes an instruction manual for the Infringing Product, and/or offers support and technical assistance to ultimate consumers.

60. Eco Pet's infringement of the 717 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for Plaintiff's patent rights and will continue to be unless enjoined by this Court.

61. Unless the future occurrence of these actions is enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

62. This is an exceptional case such that Plaintiff should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Eco Pet.

## COUNT III

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 7,584,717

63. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

64. Eco Pet, in violation of 35 U.S.C. § 271(c), has contributed and continues to contribute to the infringement of (and thereby infringes) the 717 Patent by selling within the United States, offering for sale within the United States, and/or importing components and the non-staple constituent parts of those devices that embody a material part of 717 Patent including, but not limited to, the Infringing Product and/or components and/or accessories thereof.

65. These devices are known by Eco Pet to be especially made or especially adapted for use in infringement of the 717 Patent and are not staple articles or commodities suitable for substantial, non-infringing use.

66. Upon information and belief, Eco Pet had constructive and/or actual notice of the 717 Patent and Eco Pet's infringement thereof.

67. Eco Pet sells the Infringing Product, with knowledge that it infringes, to resellers who sell to consumers. The resellers and consumers of the Infringing Products infringe the 717 Patent.

68. Eco Pet's infringement of the 717 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for Plaintiff's patent rights and will continue to be unless enjoined by this Court.

11

69. Unless the future occurrence of these actions is enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

70. This is an exceptional case such that Plaintiff should be entitled to its attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Eco Pet.

## COUNT IV

### FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

71. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

72. Eco Pet's explicit and implicit promotional claims in interstate commerce about its Infringing Product are literally and/or impliedly false and misleading.

73. Eco Pet's explicit and implicit promotional claims in interstate commerce about Plaintiff's Pet Loo™ Products are literally and/or impliedly false and misleading.

74. As alleged herein, Eco Pet has intentionally made literally false and/or deceptively misleading statements in commercial advertising or promotion in interstate commerce which misrepresent the nature, characteristics, qualities, or geographic origin of Eco Pet's and/or Plaintiff's goods, services, or commercial activities.

75. Eco Pet's false and/or misleading statements regarding the Infringing Product are material in that the statements will likely influence existing and potential buyers of (a) pet toilet products generally; (b) the Infringing Product; (c) Plaintiff's Pet Loo™ Products; and (d) accessory or related products for the Infringing Product and/or Plaintiff's Pet Loo™ Products.

76. Buyers of Eco Pet's Infringing Product (and buyers of pet toilet products generally) have no choice in many circumstances but to trust that statements made by Eco Pet

12

(directly or through its agents or representatives) that the Infringing Product has the nature, characteristics, and qualities claimed for them by Eco Pet.

77. Eco Pet's false and/or misleading statements regarding Plaintiff's Pet Loo™ Products are material in that the statements will likely influence existing and potential buyers of (a) pet toilet products generally; (b) the Infringing Product; (c) Plaintiff's Pet Loo™ Products; and (d) accessory or related products for the Infringing Product and/or Plaintiff's Pet Loo™ Products.

78. Buyers of Eco Pet's Infringing Product (and buyers of pet toilet products generally) have no choice in many circumstances but to trust that statements made by Eco Pet (directly or through its agents or representatives) that Plaintiff's Pet Loo™ Products have the nature, characteristics, and qualities claimed for them by Eco Pet.

79. Eco Pet's false and/or misleading statements regarding the Infringing Product and/or Plaintiff's Pet Loo™ Products have actually deceived or have the capacity to tend to deceive a substantial portion of the intended audience for such statements.

80. Eco Pet willfully, knowingly, intentionally, maliciously, or recklessly is using in commerce false and/or misleading descriptions of fact or misleading representations of fact concerning the nature, characteristics, and qualities of the Infringing Product and Plaintiff's Pet Loo™ Products.

81. Eco Pet's false and/or misleading statements have caused Plaintiff injury and/or are likely to cause Plaintiff injury, either by direct diversion of sales from Plaintiff to Eco Pet or by a lessening of the goodwill associated with Plaintiff's Pet Loo™ Products.

82. Plaintiff has been injured by Eco Pet's actions and representations because customers who would otherwise have purchased from Plaintiff have made, or will make,

13

purchasing decisions based upon Eco Pet's false and misleading representations concerning the attributes of the Infringing Product and Plaintiff's Pet Loo™ Products.

83. Eco Pet's acts constitute false advertising in violation of 15 U.S.C. § 1125(a).

84. Unless enjoined by this Court, Eco Pet's acts will irreparably injure Plaintiff's goodwill and erode its sales, customer base, and share in the pet toilet product market.

85. Eco Pet's acts have caused Plaintiff damages, and Plaintiff seeks judgment pursuant to 15 U.S.C. § 1117 for statutory damages, Eco Pet's profits, any damages sustained by Plaintiff; for all costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and attempts to remedy Eco Pet's actions.

86. Plaintiff seeks an award of treble damages for at least three times the amount of Eco Pet's profits or Plaintiff's damages, whichever is greater, due to the nature of Eco Pet's wanton and willful conduct.

87. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to preliminary and permanent injunctive relief against Eco Pet to stop the illegal conduct.

88. Pursuant to 15 U.S.C. § 1117, Plaintiff seeks judgment for three times the amount of Eco Pet's profits or Plaintiff's damages, whichever is greater, due to the nature of Eco Pet's conduct.

89. Eco Pet's acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorney fees pursuant to 15 U.S.C. § 1117.

90. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to impoundment and destruction of all packaging, containers, devices, products, literature, advertising and any other material

bearing false, deceptive, and/or misleading statements and/or any variants thereof (or similar wording).

## COUNT V

**VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT, TENN. CODE ANN. § 47-18-101** *et seq.*

91. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

92. Eco Pet's willful and known acts, including without limitation its false and/or misleading statements of fact about its Infringing Product and Plaintiff's Pet Loo™ Products, constitute unfair methods of competition and unfair or deceptive acts or practices in violation of Section 47-18-104(b)(5), (8), and (21) of the Tennessee Code.

93. Eco Pet's willful and knowing acts, including without limitation its false and/or misleading statements of fact about its Infringing Product and Plaintiff's Pet Loo™ Products, were known by Eco Pet to be deceptive and misleading, or through the exercise of reasonable care or investigation could or might have been ascertained to be deceptive and misleading.

94. Eco Pet's acts were conducted with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property or services including without limitation the Infringing Product, or to induce the public to enter into obligations relating to such property or services.

95. Plaintiff has suffered injury as a result of Eco Pet's unfair, deceptive, and misleading acts.

96. Plaintiff is entitled to injunctive relief and all other available statutory remedies, including but not limited to Plaintiff's damages; Eco Pet's profits; an award of three times the actual damages sustained under Section 47-18-109(a) of the Tennessee Code, and reasonable attorney fees and costs.

97. Further, Plaintiff is entitled to injunctive relief against Eco Pet to stop the illegal conduct.

## COUNT VI

### COMMON LAW UNFAIR COMPETITION

98. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

99. Eco Pet's explicit and implicit promotional claims about its Infringing Product are literally and impliedly false and misleading.

100. Eco Pet's explicit and implicit promotional claims about Plaintiff's Pet Loo™ products also are literally and impliedly false and misleading.

101. Eco Pet's foregoing acts constitute unfair competition and infringement of Plaintiff's common law rights for which Plaintiff has no adequate remedy at law.

102. To the extent that the Court determines that there is an adequate remedy at law, Plaintiff has been damaged in an amount to be determined at trial, plus prejudgment and post-judgment interest, attorneys' fees, expenses, and costs.

103. Plaintiff is entitled to punitive damages because Eco Pet's conduct was intentional, willful, malicious, or made with reckless disregard for the rights of others.

104. Eco Pet's acts as alleged herein were committed with the intent to deceive and defraud the public in order to gain an increase in its sales, customer base, and share in the pet toilet product market and/or eliminate Plaintiff from the pet toilet product market.

## COUNT VII

### UNJUST ENRICHMENT

105. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

106. Eco Pet has unjustly benefited from engaging in unfair competition and from making false, misleading, and/or deceptive statements about its Infringing Product and Plaintiff's

Pet Loo™ products by luring and appropriating Plaintiff's customers, and it would be inequitable for it to retain the benefit of such acts without repayment of the value thereof.

107.   As a result of Eco Pet's unjust enrichment, Plaintiff has been damaged in an amount to be determined at trial, plus accrued interest to the date of the judgment, its attorney fees and costs.

## VI.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1.   Judgment be entered in favor of Plaintiff against Eco Pet for each of the above Counts;

2.   Eco Pet, and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from infringement of the 717 Patent;

3.   That Eco Pet, its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from stating, representing, or implying orally or in writing (including, but not limited to, print advertisements, marketing materials, websites, blogs, social media) any statements that misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiff's Pet Loo™ Products, and/or any statements that Eco Pet's Infringing Product is superior as compared to Plaintiff's Pet Loo™ Products, including, but not limited to:

   a.   directly or indirectly engaging in false advertising or promotion of Eco Pet's Infringing Product; and

   b.   making or inducing others to make false, misleading, or deceptive statements or representations of fact in connection with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation, or

17

distribution of Eco Pet's Infringing Product, including through the making of false or misleading representations about Plaintiff's Pet Loo™ products.

4. Eco Pet be directed to file with this Court and serve on Plaintiff within ten (10) days after the service of a preliminary injunction order, a report in writing under oath, setting forth in detail the manner and form in which it has complied with the preliminary injunction order;

5. At conclusion of trial, Eco Pet, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from infringement of the 717 Patent;

6. At conclusion of trial, Eco Pet, its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from the acts that Plaintiff requests to be preliminary enjoined in ¶ 3 immediately above;

7. At conclusion of trial, Eco Pet be directed to deliver up and destroy all packaging, containers, devices, products, literature, advertising and any other material (including, but not limited to, its websites) bearing any of the hereinabove referenced literally false or impliedly false and deceptive statements regarding the Infringing Product, Plaintiff's Pet Loo™ Products, or variants thereof;

8. That Eco Pet be directed to publish and distribute corrective advertising (including, but not limited to, on its websites where it has advertised) to reduce the effects of the literally false or impliedly false and/or misleading statements regarding the Infringing Product, Plaintiff's Pet Loo™ Products, or variants thereof;

9. Eco Pet be directed to file with this Court and serve on Plaintiff within ten (10) days after the service of a permanent injunction order, a report in writing under oath, setting forth in detail the manner and form in which they have complied with the permanent injunction order;

10. Plaintiff be granted an award pursuant to 35 U.S.C. § 284 of damages, not less than a reasonable royalty, adequate to compensate Plaintiff for the infringement of the 717 Patent; trebling of any award pursuant to 35 U.S.C. § 284; pre-judgment and post-judgment interest on any award; and the costs of this action;

11. This case and/or the actions of Eco Pet be deemed exceptional and Plaintiff be granted an award for its reasonable attorney fees and expenses pursuant to 35 U.S.C. § 285;

12. For its claims related to Eco Pet's false and/or misleading statements, Plaintiff be granted an award of monetary damages in an amount to be determined at trial, treble damages, punitive damages, statutory damages, prejudgment and post-judgment interest, attorney fees, expenses, and costs;

13. This case and/or the actions of Eco Pet be deemed exceptional and Plaintiff be granted an award for its reasonable attorney fees and expenses pursuant to 15 U.S.C. § 1117;

14. Plaintiff be granted treble damages to compensate it for the harm caused by Eco Pet's violation of the Tennessee Consumer Protection Act, as well as its attorney fees, expenses, and costs, pursuant to Tenn. Code Ann. § 47-18-109; and

15. Plaintiff be granted awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues so triable.

Respectfully submitted,

/s/ Samuel F. Miller
Samuel F. Miller (BPR No. 22936)
Maia T. Woodhouse (BPR No. 30438)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615) 726-5594
Facsimile: (615) 744-5594
Email: smiller@bakerdonelson.com
          mwoodhouse@bakerdonelson.com

*Attorneys for Plaintiff Radio Systems Corporation and Pup-Pee Solutions USA, Inc.*