UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RADIO SYSTEMS CORPORATION and PUP-PEE SOLUTIONS USA, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:13-CV-385-CLC-HBG ) |
| ECO PET SOLUTIONS, INC., | ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Leave to File Under Seal the Affidavit of Samuel F. Miller in Support of Award of Attorney Fees, Expenses, and Costs [Doc. 18]. In this motion, Plaintiffs move the Court to permit them to file the Affidavit of Samuel F. Miller, along with billing documents, under seal. The Affidavit, with its exhibits, is forty-seven pages in length. The Plaintiffs contend that "the fees charged for each attorney as well as information contained in the time entries are confidential and private financial information of Plaintiffs and Plaintiffs' counsel and is not publicly available information." [Doc. 18 at 1]. The Plaintiffs do not cite any case law in support of their position.

Local Rule 26.2 states: "Except as otherwise provided by statute, rule, or order, all pleadings and other papers of any nature filed with the Court ("Court Records") shall become a part of the public record of this Court." E.D. Tenn. L.R. 26.2(a). In order to seal any part of the record, a party must show good cause. E.D. Tenn. L.R. 26.2(b).

The practice of sealing documents wholesale is strongly discouraged in the Eastern District of Tennessee. See, e.g., PPG Inc., v. Payne, No. 3:10-CV-73, 2010 WL 2158807 (E.D. Tenn. May 25, 2010) (Jordan, J.) ("The Court instructed both parties that indiscrete requests to seal, without specifying pages or portions to be sealed, may be interpreted as abuse of the sealing privilege and the Protective Order . . . in the future."); In re Southeastern Milk Antitrust Litig., 666 F. Supp. 2d 908, 912 (E.D. Tenn. 2009) (Greer, J.) ("[T]he undersigned expressed considerable dissatisfaction with the apparent practice of the parties of engaging in wholesale sealing of filed documents and his perceived abuse of the protective order."). Instead, the practice of redacting should be used where necessary. See E.D. Tenn. L.R. 26.2; E.D. Tenn. ECF R & P at § 12.

The case law of this circuit[1] holds that, "[i]n general, the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of employment are not deemed privileged." Humphreys, Hutcheson and Moseley v. Donovan, 755 F.2d 1211, 1219 (6th Cir. 1985); see also Trollinger v. Tyson Foods, Inc., 2007 WL 951869, *2 (E.D. Tenn. Mar. 28, 2007).

The Court finds that the Plaintiffs have not cited the Court to any basis for finding that the rates charged by Plaintiffs' counsel are privileged, especially where the Plaintiffs move the Court to award fees in Plaintiffs' favor based upon these rates. To the contrary, where a party requests an award of fees, it is common for the Court to address the rates charged. See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009).

---

[1] Jurisdiction in this case is founded upon 28 U.S.C. § 1331, and thus, the Court applies federal common law with regard to the allegation of privilege. See Fed. R. Evid. 501; Gen. Motors Corp. v. Director of the Nat'l Inst. for Occupational Safety and Health, 636 F.2d 163, 165 (6th Cir. 1980).

2

Accordingly, the Court finds that the Plaintiffs have not shown good cause for sealing the Affidavit and its exhibits based upon the information about billing rates contained therein.

To the extent the Plaintiffs argue that the descriptions contained in the billing entries are protected by the attorney-client privilege or work-product doctrine, the Court finds that the Plaintiffs have failed to cite any specific entry that contains privileged information, and thus, the Court cannot undertake a meaningful review of whether specific entries are protected. Rather, Plaintiffs have moved the Court to seal all of the documents based upon a general allegation of confidentiality. Consistent with the case law of this District cited above, the Court finds that this wholesale request is not well-taken. However, the Court will afford the Plaintiffs the opportunity to move the Court to permit them to redact certain portions of the billing entries. Any such request shall be specific and supported by good cause.

Based upon the foregoing, the Court finds that the Motion for Leave to File Under Seal **[Doc. 18]** is not well-taken, and it is **DENIED**. Consistent with E.D. Tenn. ECF R & P at § 12, the Clerk of Court will remove the proposed sealed document from the record. The Plaintiffs may either:

1. Elect to file the proposed sealed documents, or a portion of these documents, in the record, *without redactions*, as they deem appropriate to support their request for an award of attorneys' fees, on or before **June 20, 2014**; or

2. Move the Court to permit them to file the proposed sealed documents, or a portion of these documents in the record, *with selected redactions*, as they deem appropriate to support their request for an award of attorneys' fees, on or before **June 20, 2014.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

4

Case 3:13-cv-00385-CLC-HBG   Document 24   Filed 06/04/14   Page 4 of 4   PageID #: 337