UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RADIO SYSTEMS CORPORATION and ) | |
| PUP-PEE SOLUTIONS USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CV-385-CLC-HBG |
| ) | |
| ECO PET SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Attorney Fees, Expenses, and Costs [Doc. 16]. The Defendant has not responded in opposition to this motion, and the time for doing so has expired. See E.D. Tenn. L.R. 7.1. The Court has considered the Plaintiffs' Complaint, the other filings in this case, and applicable law, and the Court finds that the Motion for Attorney Fees, Expenses, and Costs is well-taken in part. Accordingly, the undersigned will **RECOMMEND** that it be **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

On July 1, 2013, Plaintiffs filed their Complaint against Defendant. [Doc. 1]. The Defendant was served with a copy of the Complaint and Summons on July 31, 2013. [Doc. 5]. On September 23, 2013, Plaintiffs filed a Motion for Extension of Time to File Answer on behalf of Defendant, requesting an extension for the Defendant to respond to Plaintiff's Complaint.

[Doc. 7]. The Court granted the Motion for Extension of Time to Answer on September 23, 2013, which required the Defendant to respond to the Complaint no later than October 4, 2013. [Doc. 8].

Defendant did not file an answer or respond to Plaintiffs' Complaint. On October 8, 2013, Plaintiffs filed a Request for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [Doc. 10]. On October 28, 2013, the Clerk of this Court entered default against Defendant pursuant to Fed. R. Civ. P. 55(a). [Doc. 11]. Plaintiffs moved for entry of default judgment and permanent injunction against Defendant on December 16, 2013, [Doc. 12]. On February 21, 2014, the Court granted Plaintiffs' Motion for Default Judgment and entered judgment in favor of Plaintiffs and awarded a permanent injunction against Defendant. [Doc. 15].

On March 20, 2014, the Plaintiffs filed their Motion for Attorney Fees, Expenses, and Costs, which the District Judge referred to the undersigned. The Court has addressed the Plaintiffs' requests to seal the evidentiary support for this motion, and thus, the Motion for Attorney Fees, Expenses, and Costs is now ripe for adjudication.

## II.  FINDINGS

The Court finds that, by virtue of its default, Defendant has admitted the allegations of the Complaint, including the allegations of willful patent infringement, willful violations of the Lanham Act, and the exceptional nature of this case.[1]  Accordingly, the Court **ADOPTS** the

---

[1] "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." AF Holdings LLC v. Bossard, 976 F.Supp.2d 927, 929 (W.D. Mich. 2013) (citing Thomas v. Miller, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

allegations contained in the Plaintiffs' Complaint [Doc. 1], as its findings. The Court finds that these findings support an award of attorney fees, costs, and expenses.

**III. ANALYSIS**

The Court finds that Plaintiffs are the prevailing parties in this action such that an award of reasonable attorney fees, expenses, and costs to Plaintiffs is warranted under 15 U.S.C. § 1117(a), because this is an exceptional case. The Court finds that a lodestar analysis is the appropriate means for determining the fees reasonably incurred. See Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 349 (6th Cir. 2000).

The Plaintiffs' Motion for Attorney Fees, Expenses, and Costs [Doc. 16] does not state the amount of costs, expenses, or attorney fees sought by the Plaintiffs. However, in his Affidavit [Doc. 25-1], Attorney Samuel F. Miller states that the attorney fees and expenses incurred totaled $16,301.53. Mr. Miller "estimates that the additional fees and expenses will amount to $2,000.00." [Id. at 4].

A. *Hourly Rate Charged*

Pursuant to the lodestar method, the Court considers, first, the reasonableness of the hourly rates charged by counsel. In this case, the Court finds that some of the hourly rates charged by counsel exceed the hourly rates generally deemed to be reasonable in this District. Specifically, the Court finds that Attorney Samuel Miller charged $330 per hour for work performed in 2013 and $350 per hour in 2014. [See Doc. 25-1 at 2]. Plaintiffs submit that these rates are reasonable.

To the contrary, the Court finds that these rates exceed the hourly rate reasonably charged by experienced attorneys in the Eastern District of Tennessee. Where a party moves the Court to

award fees, $300.00 per hour is reasonable compensation for work performed by top-tier attorneys in the Eastern District of Tennessee. See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E. D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour), *accepted in whole* by Chief District Judge at 2014 WL 1745432; Penn. Higher. Edu. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009) (awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co., 654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) *amount of award sustained at* Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

    The Court is aware that Plaintiffs' counsel is based in the Middle District of Tennessee and that the hourly rates charged by experienced practitioners in the Middle District of

Tennessee may be slightly higher than those charged in the Eastern District of Tennessee. However, the Court finds that the Plaintiffs have not demonstrated that there was a shortage of practitioners within this District who could have offered the legal services required to prosecute this case.

Accordingly, the Court will reduce the $16,301.53 requested as reimbursement for attorney fees and expenses[2] in this case by fifteen (15%) to $13,856.30.

B.  *Hours Expended*

As the second component of the lodestar analysis, the Court considers the reasonableness of the hours expended in the litigation. Plaintiffs have provided the Court with invoices and hourly billing records for this case. [Doc. 28]. The undersigned has reviewed these documents and finds that the hours expended in obtaining the default judgment in this case were reasonable. Accordingly, the Court finds that it is appropriate to compensate the Plaintiffs for the hours expended, and the undersigned finds that there is no basis for further reducing the award of hours.

C.  *Additional Costs to Be Awarded*

The undersigned also finds that the request for additional costs in the amount of $2,000.00 [Doc. 25-1 at ¶ 7] is well-taken and will recommend that it be awarded. Thus, in total, the Court will recommend that the Defendant be awarded $15,856.30.

---

[2] The Court reduces both the current attorney fees and expenses because the Plaintiff presented these two amounts as a single total and failed to supply the Court with separate totals for the attorney fees and the expenses respectively. [See Doc. 25-1 at ¶ 5].

5

## IV. CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS**[3] that the Plaintiffs' Motion for Attorney Fees, Expenses, and Costs **[Doc. 16]** be **GRANTED IN PART** and **DENIED IN PART**, and the undersigned **RECOMMENDS** that the Plaintiffs be awarded **$15,856.30**, representing the reasonable attorneys' fees, expenses, and costs incurred in litigating Plaintiffs' claims.

Respectfully Submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).